**FILED**
U.S. Bankruptcy Court

MAY 1 4 2013

Deputy Clerk
Columbus, Georgia

## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 13** |
| | ) | |
| BOX, JONATHAN D. | ) | **Case No. 12-40844** |
| | ) | |
| Debtor, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| W. C. MORRISON d/b/a | ) | |
| M&W AUTO SALES | ) | |
| | ) | |
| Creditor/Lienholder. | ) | |
| | ) | |

## PETITION IN OPPOSITION TO SURRENDER TITLE
## AND
## MOTION FOR RELIEF FROM AUTOMATIC STAY OR
## IN THE ALTERNATIVE FOR ADEQUATE PROTECTION

**COMES NOW,** W. C. MORRISON, (hereafter "Morrison"), *pro se,* and respectfully submits this Petition in Opposition to Surrender Title, together with this Motion for Relief From Automatic Stay, or in the Alternative, for Adequate Protection, and as grounds therefor states as follows:

1.    JONATHAN D. BOX is the Debtor in the above-styled Chapter 13 proceeding (hereinafter referred to as the "Debtor").

2.    This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§157 and 1334 and venue is proper in this Court pursuant to 28 U.S.C §§ 1408 and 1409.

3.    The relief requested herein is sought pursuant to 11 U.S.C. § 362(d).

4.    Morrison is the holder of a secured claim on a motor vehicle owned by the Debtor in the principal amount of $8,671.92 as of the date of filing. The loan continues to accrue late charges, interest, attorneys' fees, and costs for which the Debtor is liable.

5.    Morrison is the President and majority shareholder of M&W Auto Sales, Inc., a Florida corporation, (hereinafter "M&W Auto"), which said corporation is active and in good standing with the Florida Department of State, Division of Corporations, and is organized under the laws of the State of Florida for the purpose of engaging in the business of marketing and selling motor vehicles to the general public in Bay County, Florida.   A true and correct copy of the Articles of Incorporation of M&W Auto and print out of the Florida Division of Corporations corporate status is attached hereto and incorporated by reference as composite Exhibit "A".

6.    M&W Auto and Panhandle Educators Federal Credit Union (hereinafter "Panhandle") enjoy a business relationship, wherein Panhandle serves in the capacity as a loan servicer for loans made to purchasers of the motor vehicles sold to the public by M&W Auto. Acting in said capacity as loan servicer, Panhandle purchases the loan from M&W Auto, and in exchange, Morrison has agreed to guarantee performance of the loan(s) by pledging to Panhandle deposits owned by Morrison and held by Panhandle as security for the faithful performance of the loan(s). In addition, as part of the "shared secured loan" agreement between Panhandle and Morrison, Morrison is granted recourse against the collateral, i.e., the motor vehicles sold to the public.   A true and correct copy of the security agreement between Panhandle and Morrison is attached hereto and incorporated by reference as Exhibit "B".

7.    Morrison's secured claim is evidenced by a Promissory Note dated February 2, 2010, together with that certain lien filed and of record with the Florida Division of Motor Vehicles dated February 2, 2010, recorded on the Certificate of Title number 103770248.  True and correct copies of the original Promissory Note and Certificate of Title evidencing Morrison's secured claim are attached hereto and incorporated by reference as Exhibits "C" and "D" respectively (collectively referred to as the "Loan").

8.    By virtue of the aforementioned Loan, Morrison has a valid and enforceable first purchase money lien on the motor vehicle owned by the Debtor, described therein (the "Property").

9.    As a preliminary matter, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, (hereinafter be referred to as "BAPCPA") references to specific sections of the Bankruptcy Code as amended by BAPCPA, and the concluding alphanumeric paragraph in Revised § 1325(a), the interpretation of which is the subject of this contested matter, will bereferred to as the "Anti-Cramdown Paragraph."

10.    One section receiving revision was 11 U.S.C. § 1325 (2004), dealing with the requirements for confirmation of a Chapter 13 plan. As it relates to this contested matter, is Revised § 1325(a) now provides: (a) Except as provided in subsection (b), the court shall confirm a plan if—. . . (5) with respect to each allowed secured claim provided for by the plan— (A) the holder of such claim has accepted the plan; (B)(i) the plan provides that—(I) the holder of such claim retain the lien securing such claim until the earlier of—(aa) the payment of the underlying debt determined under nonbankruptcy law; or (bb) discharge under section 1328; and (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law; (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and (iii) if—(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to

provide to the holder of such claim adequate protection during the period of the plan; or (C) the

debtor surrenders the property securing such claim to such holder.

> . . . .
>
> *For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-dayperiod preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.*

11 U.S.C. § 1325(a) (2005) (emphasis added).

    11.    Under Revised § 1325(a)(5), the allowed secured claim of the class of creditors

defined in the Anti-Cramdown Paragraph is fixed at the amount of the creditor's claim, without

resorting to the secured/unsecured bifurcation procedure mandated by 11 U.S.C. § 506 (2005).

    12.    The Anti-Cramdown Paragraph serves to eliminate Revised § 506 from the

allowed secured/unsecured claim bifurcation treatment otherwise mandated by Revised § 506

with regard to those claims secured by "a motor vehicle" and "any other thing of value" falling

within its provisions. In other words, when the creditor files its claim as secured, the Anti-

Cramdown Paragraph precludes the use of Revised § 506(a) to reduce or bifurcate that claim into

secured and unsecured components. Unless the amount of the claim is subject to reduction for

reasons other than collateral value, the creditor's allowed secured claim is fixed at the amount at

which the claim is filed.

    13.    Accordingly, under Revised § 1325(a)(5), a creditor holding a secured claim

falling within the scope of the Anti-Cramdown Paragraph is fully secured for the amount of its

claim, which is, in actuality, the debt owed. If the property is to be retained pursuant to Revised

§1325(a)(5)(B), the debtor must treat the entire claim as secured, and unless the creditor agrees to other treatment, the Debtor must propose a plan that will pay the full amount of the claim as secured over the life of the plan.

14.    Although the statutory language itself is not particularly ambiguous, there is no question that, because of its construction, Revised § 1325(a) is, at best, confusing. Likewise, because both the Debtor and the Trustee misunderstand the "Shared Secured Loan" arrangement between Panhandle and Morrison, that in itself does not avoid Morrison's secured claim in the automobile pursuant to state law.

15.    Petitioner concedes that the response filed by Panhandle on or about February 13, 2013, alleges that Panhandle's collateral was the funds in Morrison's account and not the motor vehicle. However, pursuant to the "Shared Secured Loan" agreement between Panhandle and Morrison, Morrison's secured collateral lien is retained or perfected in the motor vehicle, while Panhandle's collateral lien is perfected on the funds held in Morrison's bank account.

16.    To the extent that said secured lien is recognized by applicable nonbankruptcy law, for the Court to allow both the Debtor and Trustee to avoid Panhandle's and Morrison mutual liens equates to nothing more than an unconstitutional impairment of a valid and enforceable contract between Panhandle and Morrison recognized pursuant to Florida law, thus, resulting in an unconscionable prejudice to Morrison and a windfall to the Debtor.

17.    The Debtor defaulted on the Loan by failing to make the pre-petition payments due for September 30, 2012, and all subsequent payments, and pursuant to the "Shared Secured Loan" agreement between Panhandle and Morrison, Morrison honored his loss-share agreement with Panhandle by paying off the balance of the Loan in the amount of $8,671.92. A true and

correct copy of the remittance to Panhandle is attached hereto and incorporated by reference as composite Exhibit "E".

18.     As of the date of this Motion, the post-petition arrearage, including payments, interest, late charges, costs are $_____.

19.     The Debtor has very little or no realizable equity in the Property; therefore, unsecured creditors will not be prejudiced by the granting of this Motion.

20.     Absent the granting of this Motion, Morrison will lack adequate protection of its interest in the Property.

21.     An Affidavit in Support of Morrison's Motion for Relief from Stay attesting to the foregoing is attached hereto and incorporated by reference as Exhibit "F."

22.     An Affidavit providing an opinion of value in support of Petitioner's Motion for Relief from Stay is also attached hereto and incorporated by reference as Exhibit "G."

23.     Morrison,   is entitled to have the automatic stay vacated by virtue of the following:

　　a.   For cause, including lack of adequate protection.

　　b.   The Debtor has no realizable equity in the Property, which secures the Loan, and the property is not necessary for a successful reorganization.

**WHEREFORE,** W. C. MORRISON d/b/a W&M AUTO SALES, INC., a Florida corporation, respectfully requests that this Honorable Court enter an order vacating the automatic stay imposed by 11 U.S.C. §362 to permit Morrison to take any and all actions he deems necessary and appropriate under state law to enforce the terms of its Loan documents, including but not limited to: (1) completing the repossession proceeding, or in the alternative; (2) granting

adequate protection to Movant reserving jurisdiction to determine Morrison's reasonable fees and costs, and granting such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**
on this _10_ day of May, 2013.


W. C. MORRISON d/b/a
M&W AUTO SALES, INC.
4915 State Road 22
Panama City, Florida 32404
Tel: (850) 769-5577
Fax: (850) 769-5577
*PRO SE* **MOVANT**

## NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

PURSUANT TO LOCAL RULE THE COURT WILL CONSIDER THIS MOTION, OBJECTION, OR OTHER MATTER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES AN OBJECTION WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE OF THIS PAPER. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE YOUR OBJECTION WITH THE CLERK OF THE COURT AT ONE FRONT AVENUE, ONE ARSENAL PLACE, COLUMBUS GEORGIA 31902, AND SERVE A COPY ON THE MOVANT.

IF YOU FILE AND SERVE AN OBJECTION WITHIN THE TIME PERMITTED, THE COURT MAY SCHEDULE A HEARING AND YOU WILL BE NOTIFIED. IF YOU DO NOT FILE AN OBJECTION WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE GRANTING OF THE RELIEF REQUESTED IN THE PAPER, AND WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion has been furnished by the Court's CM/ECF system to all parties who are eligible to receive service by CM/ECF, on this _10_ day of _MAY_, 2013. SUBMITTED TO CLERK OF COURT

W. C. MORRISON d/b/a
M&W AUTO SALES, INC.
4915 State Road 22
Panama City, Florida 32404
Tel: (850) 769-5577
*PRO SE* MOVANT





**FLORIDA DEPARTMENT OF STATE**
**DIVISION OF CORPORATIONS**

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |
|------|-----------|-------------------|-------------------|-------|------|

No Events   No Name History

Return to Search Results

Entity Name Search

Search

## Detail by Entity Name

### Florida Profit Corporation

M & W AUTO SALES, INC.

### Filing Information

| | |
|---|---|
| Document Number | P01000030732 |
| FEI/EIN Number | 593707217 |
| Date Filed | 03/26/2001 |
| State or Country | FL |
| Status | ACTIVE |

### Principal Address

4915 HWY 22
PANAMA CITY, FL 32404

### Mailing Address

4915 HWY 22
PANAMA CITY, FL 32404

### Registered Agent Name & Address

MORRISON, WILLIS C
815 PLANTATION DR.
PANAMA CITY, FL 32404

### Officer/Director Detail

**Name & Address**

Title P

MORRISON, WILLIS C
815 PLANTATION DR.
PANAMA CITY, FL 32404

Title S

MORRISON, GLORIA J
815 PLANTATION DRIVE
PANAMA CITY, FL 32404

### Annual Reports

| Report Year | Filed Date |
|-------------|-----------|
| 2011 | 01/07/2011 |
| 2012 | 01/04/2012 |

**EXHIBIT
"A"**

Articles of Incorporation
Of
M & W Auto Sales, Inc.



## I.
## Name

The name of the Corporation is M & W Auto Sales, Inc.  hereinafter referred to as the "Corporation."

## II.
## Purposes

The purpose of the Corporation is to transact any and all lawful business for which corporations may be incorporated under the laws of the State of Florida, as they may be amended from time to time.

## III.
## Principal Office and Registered Agent

The Principal office of the Corporation is 4915 Hwy 22 Panama City, Florida 32404. The Corporation may maintain offices and/or transact business at other locations, either within or without the State of Florida.  The name and address of the registered agent for service of process upon the Corporation is Willis C Morrison 815 Plantation Dr. Panama City, Florida 32404.

## IV.
## Duration

The duration of the Corporation shall be perpetual.

## V.
## Initial Business

The initial business of the Corporation shall be: buy and sale used automobiles

## VI.
## Capital Stock

The Corporation is authorized to issue only one class of shares of stock, which shall be, designated Common Stock. The total number of shares the Corporation shall have authority to issue is _____100_____, each share to have a par value of $ _1.00_ .

## VII.
## Incorporators

The names and mailing addresses of the incorporators are:

| Incorporator Name | Incorporator Address |
|---|---|
| *Willis C. Morrison*<br>Willis C. Morrison | 815 Plantation Dr<br>Panama City, Fl 32405 |

## VIII.
## Directors

The number of directors constituting the initial Board of Directors of the Corporation is:____1____ . The names(s) and address(es) of the person(s) who is/are appointed to act as the initial director(s) of the Corporation is/are:

| Director Name | Director Address |
|---|---|
| *Willis C. Morrison*<br>Willis C. Morrison | 815 Plantation Dr<br>Panama City, Fl 32404 |

## IX.

<u>No Personal Liability</u>

The private property of the stockholders shall not be subject to the payment of corporate debts.

## X.

<u>Operating Provisions</u>

The provisions for the operation, regulations, and management of the business and internal affairs of the Corporation shall be set forth in the Bylaws, which may be amended from time to time by a majority vote of a quorum of the Board of Directors.

## XI.

<u>Fiscal Year</u>

The fiscal year of the Corporation shall be from _1 JAN_ to _31 DEC_ of the year.

IN WITNESS WHEREOF, we have hereunto set our hands and seals on this, the _23_ Day of _MAR_, 20 _01_.

_Willis C. Morrison_

_WILLIS C. MORRISON_

_____

_____

State of _Florida_

County of _BAY_

BEFORE ME, the undersigned authority, on this day personally appeared

_Willis Cuorrison_, known to me to be the person described in, and whose name is subscribed to the foregoing document, who on oath stated to me that he/she executed the same for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this the _23_ day of _March_, ~~2000~~. _2001_

_Veronica Griner_
Notary Public in and for the
State of _Florida_

My commission Expires:

VERONICA GRINER
MY COMMISSION # CC 867347
EXPIRES: August 30, 2003

State of _____

County of _____

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person described in, and whose name is subscribed to the foregoing document, who on oath stated to me that he/she executed the same for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this the _____ day of _____, 2000.

Notary Public in and for the
State of _____

My Commission Expires:

March 20, 2001

To Whom it May Concern:

I, Willis C. Morrison, am familiar with and accept the duties and
responsibilities of Registered Agent.

Sincerely,

*Willis C. Morrison*
Willis C. Morrison

APPROVED
AND
FILED

01 MAR 26  PH 3: 15

SECRETARY OF STATE
TALLAHASSEE, FLORIDA




**PANHANDLE EDUCATORS**
**FEDERAL CREDIT UNION**
2718 Hwy 77 PANAMA CITY, FL 32405
850-769-3306

# LOANLINER®
## Security Agreement

| NAME AND ADDRESS | DATE | LOAN NUMBER | MATURITY DATE |
|---|---|---|---|
| JONATHAN DAVID BOX | 02/02/2010 | 3 | 11/15/2015 |
| 1914 FRANKFORD AVE. | | | |
| PANAMA CITY, FL 32405-0000 | | | |
| OWNER OF COLLATERAL NAME AND ADDRESS | | | |
| FL 32405-0000 | | | |

| SECURITY OFFERED | CONSUMERS' CLAIMS AND DEFENSES -- IF CHECKED, SEE PARAGRAPH 6 FOR NOTICE | | | | |
|---|---|---|---|---|---|
| PROPERTY/MODEL | YEAR | I.D. NUMBER | VALUE | LIEN AMOUNT | KEY NUMBER |
| SHARES | | | $ | $ 14,608.00 | |
| | | | $ | $ | |
| | | | $ | $ | |
| | | | $ | $ | |
| OTHER (DESCRIBE): | | | | | |

| PLEDGE OF SHARES AND/OR DEPOSITS $ | ACCOUNT NUMBER | PLEDGE OF SHARES AND/OR DEPOSITS $ | ACCOUNT NUMBER |
|---|---|---|---|

In this agreement all references to "credit union," "we," "our" or "us" mean the credit union whose name appears on this agreement and anyone to whom the credit union assigns or transfers this agreement. All references to the "Loan" mean the Loan with the loan number specified above. All references to "you," "your" or "borrower" mean each person who signs this agreement. All references to "borrower" mean anyone who is an owner of the collateral or who has signed the agreement for the Loan. This is a multi-state document which may be used to lend to borrowers in all states except Louisiana.

1. **THE SECURITY FOR THE LOAN --** By signing this security agreement in the signature area or under the statement referring to this agreement which is on the back of the check you receive for the Loan, you give us what is known as a security interest in the property described in the "Security Offered" section above. The security interest you give includes all accessions. Accessions are things which are attached to or installed in the property now or in the future. The security interest also includes any replacements for the property which you buy within 10 days of the Loan or any extensions, renewals or refinancings of the Loan. It also includes any money you receive from selling the property or from insurance you have on the property. If the value of the property declines, you promise to give us more property as security if asked to do so.

2. **WHAT THE SECURITY INTEREST COVERS/CROSS COLLATERAL PROVISIONS --** The security interest secures the Loan and any extensions, renewals or refinancings of the Loan. It also secures any other loans, including any credit card loan, you have now or receive in the future and any other amounts you owe us for any reason now or in the future, except any loan secured by your principal residence. If the property is household goods as defined by the Federal Trade Commission Credit Practices Rule, the property will secure only this Loan and not other amounts you owe.

3. **OWNERSHIP OF THE PROPERTY --** You promise that you own the property you give as security or if this Loan is to buy the property, you promise you will use the Loan proceeds for that purpose. You promise that no one else has any interest in or claim against the property that you have not already told us about. You promise not to sell or lease the property or to use it as security for a loan with another creditor until the Loan is repaid. You promise you will allow no other security interest or lien to attach to the property either by your actions or by operation of law.

4. **PROTECTING THE SECURITY INTEREST --** If your state issues a title for the property, you promise to have our security interest shown on the title. We may have to file what is called a financing statement to protect our security interest

from the claims of others. You irrevocably authorize us to execute (on your behalf), if applicable, and file one or more financing, continuation or amendment statements pursuant to the Uniform Commercial Code (UCC) in form satisfactory to us. You promise to do whatever else we think is necessary to protect our security interest in the property. You promise to pay all costs, including but not limited to any attorney fees, we incur in protecting our security interest and rights in the property, to the extent permitted by applicable law.

5. **USE OF PROPERTY --** Until the Loan has been paid off, you promise you will: (1) Use the property carefully and keep it in good repair. (2) Obtain our written permission before making major changes to the property or changing the address where the property is kept. (3) Inform us in writing before changing your address. (4) Allow us to inspect the property. (5) Promptly notify us if the property is damaged, stolen or abused. (6) Not use the property for any unlawful purpose. (7) Not retitle property in another state without telling us.

6. **CONSUMERS' CLAIMS AND DEFENSES NOTICE --** *The following paragraph applies only when the box above is checked.*

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

7. **PROPERTY INSURANCE, TAXES AND FEES --** You must maintain property insurance on all property that you give as security for the Loan. You may purchase the property insurance from anyone you choose who is acceptable to the Credit Union. The amount and coverage of the property insurance must be acceptable to us. You may provide the property insurance through a policy you already have, or through a policy you get and pay for. You promise to make the insurance policy payable to us and to deliver the policy or proof of coverage to us if asked to do so.
If you cancel your insurance and get a refund, we have a right to the refund. If the property is lost or damaged, we can use the insurance settlement to repair the property or apply it towards what you owe. You authorize us to endorse any draft or check which may be payable to you in order for us to collect any refund or benefits due under your _____. You also promise to pay all taxes and fees _____ fees) due on the property.

© CUNA MUTUAL GROUP, 1980, 82, 84, 86, 89, 98, 99, 2000, 01, 03, 06, ALL RIGHTS RESERVED

**EXHIBIT "B"**

| PANHANDLE EDUCATORS FEDERAL CREDIT UNION | JONATHAN DAVID BOX | Date 02/02/2010 |

If you do not pay the taxes or fees on the property when due or keep it insured, we may pay these obligations, but we are not required to do so. Any money we spend for taxes, fees or insurance will be added to the unpaid balance of the Loan and you will pay interest on those amounts at the same rate you agreed to pay on the Loan. We may receive payments in connection with the insurance from a company which provides the insurance. We may monitor our loans for the purpose of determining whether you and other borrowers have complied with the insurance requirements of our loan agreements or may engage others to do so. The insurance charge added to the Loan may include (1) the insurance company's payments to us and (2) the cost of determining compliance with the insurance requirements. If we add amounts for taxes, fees or insurance to the unpaid balance of the Loan, we may increase your payments to pay the amount added within the term of the insurance or approximate term of the Loan.

**8. INSURANCE NOTICE** -- If you do not purchase the required property insurance, the insurance we may purchase and charge you for will cover only our interest in the property. The premium for this insurance may be higher because the insurance company may have given us the right to purchase insurance after uninsured collateral is lost or damaged. **The insurance will not be liability insurance and will not satisfy any state financial responsibility or no fault laws.**

**9. DEFAULT** -- *Wisconsin Borrowers Only.* You will be in default if breaking any promise you make under this agreement materially impairs the condition, value, or protection of or our rights in the property you gave as security. You will also be in default under this agreement if the Loan is in default.

*All other Borrowers.* You will be in default if you break any promise you make under this agreement. You will also be in default if the Loan is in default. You will be in default if any property you have given us as security is repossessed by someone else, seized under a forfeiture or similar law, or if anything else happens that significantly affects the value of the property or our security interest in it.

**10. WHAT HAPPENS IF YOU ARE IN DEFAULT** -- *Wisconsin Borrowers Only.* When you are in default and after expiration of any right you have under applicable state law to cure your default, we may require immediate payment of your outstanding loan balance and seek possession of the property. You may voluntarily give the property to us if you choose, or we may seek to take possession of the property by judicial process, or any other method authorized by applicable law. If the property is repossessed by the credit union, you agree to pay reasonable expenses incurred in disposing of the property. If the property is a motor vehicle, mobile home, trailer, snowmobile, boat or aircraft, you will also be required to pay any costs permitted by Section 422.413 of the Wisconsin Statutes, or as authorized by applicable law.

You must pay any amount that remains unpaid after the sale money has been applied to what you owe under the Plan. You agree to pay interest on any unpaid amount at the same rate as the advance, or, if applicable, at the default rate disclosed on the Addendum, until that amount is paid.

If the property is located outside Wisconsin at the time of default, we may take possession of the property without judicial process, if permitted by the state where the property is located.

*The following paragraph applies to borrowers in Colorado, District of Columbia, Iowa, Kansas, Maine, Massachusetts, Missouri, Nebraska, West Virginia and state chartered credit*

unions lending to South Carolina borrowers. When you are in default and after expiration of any right you have under applicable state law to cure your default, we can demand immediate payment of the entire unpaid balance without giving you advance notice.

*The following paragraph applies to borrowers in all other states and federally chartered credit unions lending to South Carolina borrowers.* When you are in default, we can require immediate payment (acceleration) of the entire unpaid balance and take possession of the property. You waive any right you have to demand for payment, notice of intent to accelerate and notice of acceleration.

*The following paragraphs apply to all borrowers except Wisconsin borrowers.* You agree the Credit Union has the right to take possession of the property given as security for the loan, without judicial process if this can be done without breach of the peace. If we ask, you promise to deliver the property at a time and place we choose. If the property is a motor vehicle or boat, you agree that we may obtain a key or other device necessary to unlock and operate it, when you are in default. We will not be responsible for any other property not covered by this agreement that you leave inside the property or that is attached to the property. We will try to return that property to you or make it available for you to claim.

After we have possession of the property, we can sell it and apply the money to any amounts you owe us. We will give you notice of any public disposition or the date after which a private disposition will be held. Our expenses for taking possession of and selling the property will be deducted from the money received from the sale. Those costs may include the cost of storing the property, preparing it for sale and attorney's fees to the extent permitted under state law or awarded under the Bankruptcy Code.

If you have agreed to pay the Advance, you must pay any amount that remains unpaid after the sale money has been applied to the unpaid balance and to what you owe under this agreement. You agree to pay interest on that amount at the same rate as the Loan, or, if applicable at the default rate disclosed on the Loan documents, until that amount has been paid.

**11. DELAY IN ENFORCING RIGHTS AND CHANGES IN THE LOAN** -- We can delay enforcing any of our rights under this agreement any number of times without losing the ability to exercise our rights later. We can enforce this agreement against your heirs or legal representatives. If we change the terms of the Loan, you agree that this agreement will continue to protect us.

**12. CONTINUED EFFECTIVENESS** -- If any part of this agreement is determined by a court to be unenforceable, the rest will remain in effect.

**13. NOTICE TO NORTH DAKOTA BORROWERS PURCHASING A MOTOR VEHICLE** -- THE MOTOR VEHICLE IN THIS TRANSACTION MAY BE SUBJECT TO REPOSSESSION. IF IT IS REPOSSESSED AND SOLD TO SOMEONE ELSE, AND ALL AMOUNTS DUE TO THE SECURED PARTY ARE NOT RECEIVED IN THAT SALE, YOU MAY HAVE TO PAY THE DIFFERENCE.

**14. NOTICE FOR ARIZONA OWNERS OF PROPERTY** -- It is unlawful for you to fail to return a motor vehicle that is subject to a security interest, within thirty days after you have received notice of default. The notice will be mailed to the address you gave us. It is your responsibility to notify us if your address changes. The maximum penalty for unlawful failure to return a motor vehicle is one year in prison and/or a fine of $150,000.

## SIGNATURES

THE TERMS OF THE SECURITY AGREEMENT ARE CONTAINED ABOVE. BY SIGNING BELOW OR BY SIGNING UNDER THE STATEMENT ON THE LOAN CHECK, YOU AGREE TO MAKE AND BE BOUND BY THE PROMISES IN THE SECURITY AGREEMENT.

| X _____ (SEAL) | X _____ (SEAL) |
| SIGNATURE          DATE | SIGNATURE          DATE |
| X _____ (SEAL) | X _____ (SEAL) |
| SIGNATURE          DATE | WITNESS SIGNATURE          DATE |

© CUNA MUTUAL GROUP, 1980, 82, 84, 86, 89, 98, 99, 2000, 01, 03, 06, ALL RIGHTS RESERVED                    MXX887 (LASER)

PANAMA CITY, FLORIDA, _____ 2 FEB 2010    $ 11,060.00

_____ after date, we or either of us, jointly and severally promise to

Pay to the order of _W.C. MORRISON_

_Eleven Thousand Sixty & oo/100_ ——————— DOLLARS

IN LEGAL TENDER OF THE UNITED STATES OF AMERICA, PAYABLE AT

Value received, with interest at the rate of _12_ per cent, per annum from date until paid.
All persons now, or hereafter, becoming parties hereto, hereby waive demand and notice of demand, nonpayment and protest. And they each severally agree to pay all costs of collecting or securing or attempting to collect or secure this note, including a reasonable attorney's fee, whether the same be collected or secured by suit or otherwise. If this note becomes payable at any bank, such bank is hereby authorized to apply on or after maturity, to the payment of this debt any funds in said bank belonging to the maker, surety, endorser, guarantor or any one of them. And all endorsers and sureties agree that this note may in whole or in part be extended or renewed after maturity from time to time without notice to them and without release of their liability thereon.

ADDRESS:_____ _____ (SEAL)    No. NLT $2504

_____ (SEAL)    1st pmt

_____ (SEAL)    DUE MAR 10

| Annual Percentage Rate The cost of your credit as a yearly rate. | Finance Charge The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you on your behalf. | Total Of Payments The amount you will have paid when you have made all scheduled Payments. | Total Sales Price The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 12 % | $ 3615.73 | $ 11,060.00 | $ 14,675.22 | $ 1,000.00 $ 15,675.22 |

I have received a copy of this disclosure prior to signing the retail installment sales contract and understand that I will be subject to the above upon acceptance of financing by your dealership.

_____    2 FEB 2010
Buyer    Date

_____    _____
Co Buyer    Date

He owes $500.00
+ sign

EXHIBIT
"C"

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| 1B3HB48B18D724148 | 2008 | DODG | 4D | 3039 | | 103770248 |

Lien Release
Interest in the described vehicle is hereby released

| Prev State | Color | Primary Brand | Secondary Brand | No of Brands | Use | Prev Issue Date |
|---|---|---|---|---|---|---|
| AL | WHI | | | | PRIVATE | |

By _____

Title _____

| Odometer Status or Vessel Manufacturer or OH use | Hull Material | Prop | Date of Issue |
|---|---|---|---|
| 49990 MILES   02/01/2010 ACTUAL | | | 02/02/2010 |

Date _____

Registered Owner

JONATHAN DAVID BOX
1914 FRANKFORD AVE # 1426
PANAMA CITY  FL 32405

1st Lienholder

02/01/2010

W C MORRISON
4915 S R 22
PANAMA CITY  FL 32404

DIVISION OF MOTOR VEHICLES           TALLAHASSEE           FLORIDA           DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

Carl A. Ford
Director

Control Number 097205662

Julie L. Jones
Executive Director

TRANSFER OF TITLE BY SELLER (This section must be completed at the time of sale.)

Federal and/or state law require that the seller state the mileage, purchaser's name, selling price and date sold in connection with the transfer of ownership.
Failure to complete or providing a false statement may result in fines and/or imprisonment.
This title is warranted to be free from any liens except as noted on the face of the certificate and the motor vehicle or vessel described is hereby transferred to:

Seller Must Enter Purchaser's Name: _____          Address: _____

Seller Must Enter Selling Price: _____          Seller Must Enter Date Sold: _____

I/We state that this ☐ 5 or ☐ 6 digit odometer now reads |__|__|__|,|__|__|__|,|_x_| (no tenths) miles, date read _____ and I hereby certify that to the best of my knowledge the odometer reading:

☐ 1. reflects ACTUAL MILEAGE.          ☐ 2. is IN EXCESS OF ITS MECHANICAL LIMITS.          ☐ 3. is NOT THE ACTUAL MILEAGE.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SELLER Must Sign Here: _____          CO-SELLER Must Sign Here: _____

Print Here: _____          Print Here: _____

Selling Dealer's License Number: _____          Tax No.: _____          Tax Collected: _____

Auction Name: _____          License Number: _____

PURCHASER Must Sign Here: _____          CO-PURCHASER Must Sign Here: _____

Print Here: _____          Print Here: _____

NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE

HSMV 82250 (REV. 04/08)          STATE OF FLORIDA

EXHIBIT
"D"

M&W AUTO SALES
4915 E HIGHWAY 22
PANAMA CITY, FL 32404-6233

6692

Date  *8 Apr 2013*

33-22
730

Pay to the
order of   *P.E.F.C.U.*   $  *867.92*

*Eighty Six Hundred Twenty One + 92/100*  Dollars

Security features
Included.
Details on back

WELLS
FARGO   Wells Fargo Bank, N.A.
Des Moines, IA  50304 FDR

For   *J.D. BOX SHARE LOAN*   *W.C. Morrison*
*Payoff #27035012*

⑈0⑈3000228⑈  ⑈76485⑈74337041⑈ 6692

*pd 3 Dec 2012 $504.00*          *Total pd*
*11  3 Feb 2010 $25.10*          *$9,201.02*

Panhandle Educators
Federal Credit Union
It's Auto Month
Date: 04/08/2013     Time: 10:26:46
CAN: 7895          Teller: 72-002
Member: ***35012        Txn: ALD
JONATHAN DAVID BOX

Checks received:       $8,671.92
No-hold Draft:     $8,671.92

LOAN PAYMENT   3     $8,671.92
Acct:     3
New Bal:            $0.00
Principal:       $8,552.06
Interest:          $82.06
Late Charge:       $37.80
Next Payment Date:   12/28/2012

------------------------------------------
Signature
Need A Loan?
Apply Online at www.pefcu.org

EXHIBIT
"E"

## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| BOX, JONATHAN D. | ) | Case No. 12-40844 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| W. C. MORRISON d/b/a | ) | |
| M&W AUTO SALES | ) | |
| | ) | |
| Creditor/Lienholder. | ) | |

## AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY OR IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION

**STATE OF FLORIDA**
**COUNTY OF BAY**

The undersigned, **W.C. MORRISON** ("Affiant"), having personal knowledge of the facts and information set forth herein, and after being duly sworn, deposes and states as follows:

1. I, the Affiant, am over the age of 18, sui juris, and I am fully able and competent to testify, and have personal knowledge of the facts herein.

2. That, I, W.C. Morrison have filed a "Motion for Relief from Automatic Stay or in the Alternative, for Adequate Protection" (hereinafter referred to as the "Motion"), against Jonathan David Box (hereinafter the "Debtor"), in the above captioned case.

3. That, I, W. C. Morrison, am the holder of a secured claim on the Debtor's personal property, more particularly described in the Motion, in the amount of $8,671.92.

4. The secured claim is evidenced by a Promissory Note and motor vehicle lien dated February 2, 2010, which was recorded in that certain Certificate of Title #103770248.

Page 1 of 2

EXHIBIT
"F"

5.    Copies of the Mortgage and Promissory Note are attached to the Motion as Exhibits "C" and "D", respectively.

6.    On September 7, 2012, 2012, Debtor filed for relief under Chapter 13, Title 11 USC, in the above captioned case.

7.    As of the date of the Motion, the post-petition arrearage, including payments, interest, late charges, costs and attorney fees are $8,671.92.

8.    I specifically acknowledge that I am giving the above Affidavit for purposes of providing a statement in support of the Motion for Relief from Automatic Stay.

**FURTHER AFFIANT SAYETH NAUGHT.**

On this ___10___ day of May, 2013.

_____
**W.C. MORRISON**
Affiant

**STATE OF FLORIDA**

**COUNTY OF BAY**

   **I HEREBY CERTIFY**, that on this __10th__ day of May, 2013, before me personally appeared W. C. MORRISON who is personally known to me or has produced the identification indicated below, who is the person described herein and who executed the foregoing instrument, and who after being duly sworn says that the execution hereof is his/her free act and deed of the uses and purposes herein mentioned.

   **THIS INSTRUMENT ACKNOWLEDGED** before me the undersigned Notary Public by my hand and official seal, the day and year last aforesaid.

(✓) To me personally known
( ) Identified by Driver's License
( ) Other: _____

_____
Notary Public

_____
Printed Name



{Seal}

BELINDA J. McAVOY
Notary Public - State of Florida
My Comm. Expires Mar 3, 2017
Commission # EE 866460
Bonded Through National Notary Assn.

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| BOX, JONATHAN D. | ) | Case No. 12-40844 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| W. C. MORRISON d/b/a | ) | |
| M&W AUTO SALES | ) | |
| | ) | |
| Creditor/Lienholder. | ) | |
| | ) | |

## AFFIDAVIT IN SUPPORT OF OPINION OF
## FAIR MARKET VALUE OF PROPERTY

STATE OF FLORIDA
COUNTY OF BAY

BEFORE ME, the undersigned authority, personally appeared, *Rick Thompson*.

("Affiant"), and after first being duly sworn, deposes and states as follows:

1.   I, *Rick Thompson* am over the age of 18 years, sui juris, a resident of Bay County, Florida, and fully able and competent to testify, and have personal knowledge of the facts herein.

2.   That, I, *Rick Thompson* am a *Used Car Mgr.*, whose license is in good standing within the jurisdiction of the State of Florida.

3.   That, I was requested by W.C. Morrison, to provide an opinion of the value of the property known as 2008 Dodge Caliber, VIN #1B3HB48B18D724148.

Page 1 of 3

EXHIBIT
"G"

4.   In response to the aforementioned request, I have formulated my professional opinion as to the fair market value of the subject property by analyzing and investigating all factors which are considered relevant to the value of the property with reasonable thoroughness.

5.   Based on my experience, review and analysis of the property, the most probable price in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting prudently and knowledgably, and assuming the price is not affected by undue stimulus, it is my professional opinion that as of September 27, 2012, the subject property has a fair market value of: $ 7,025.00 .

6.   I specifically acknowledge that I am giving the above Affidavit for purposes of providing a statement in support of W.C. Morrison's Motion For Relief From Automatic Stay or in the alternative for Adequate Protection, in the matter of *In Re: Jonathan D. Box,* Case No. 12-40844, filed in the United States Bankruptcy Court, Middle District of Georgia Division.

**FURTHER AFFIANT SAYETH NAUGHT.**

On this __10__ day of May, 2013.


**Affiant**

STATE OF FLORIDA
COUNTY OF _Bay_____

    I HEREBY CERTIFY, that on this _10_ day of May, 2013, before me personally appeared _Rick Thompson_____, who is personally known to me or has produced the identification indicated below, who is the person described herein and who executed the foregoing instrument, and who after being duly sworn says that the execution hereof is his/her free act and deed of the uses and purposes herein mentioned.

    THIS INSTRUMENT ACKNOWLEDGED before me the undersigned Notary Public by my hand and official seal, the day and year last aforesaid.

( ✓ ) To me personally known
( ) Identified by Driver's License
( ) Other: _____

Notary Public

Notary Public State of Florida
Belinda J Cole
My Commission DD939773
Expires 01/21/2014

Printed Name

      {Seal}