**SIGNED this 3 day of July, 2013.**



_____
John T. Laney, III
**Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NUMBER 12-40844- JTL |
| Jonathan D. Box, ) | |
| ) | CHAPTER 13 |
| Debtor. ) | |
| _____) | |

**Memorandum Opinion**

This matter comes before the Court on the debtor's Motion to Surrender Title. The motion asks the Court to order creditor W. C. Morrison to remove his name from an automobile certificate of title and to surrender the title to the debtor. The Court heard oral arguments on the motion on April 30, 2013, and the Court took the matter under advisement. Before the Court issued an opinion and order on the matter, the creditor filed a Petition in Opposition to Surrender Title and Motion for Relief from Automatic Stay or in the Alternative for Adequate Protection. The Court heard oral arguments on the

creditor's motion on June 11, 2013. The Court deferred consideration of that motion because deciding the debtor's motion resolves issues dispositive in the creditor's motion. For the reasons below, the Court will grant the debtor's Motion to Surrender Title and deny the creditor's motions for stay relief and adequate protection.

## Background

The facts are undisputed. W. C. Morrison is the president and majority shareholder of M & W Auto Sales, Inc., a Florida corporation from which the debtor purchased a vehicle. In exchange for the vehicle, the debtor executed a promissory note for the purchase price payable to the order of W. C. Morrison. Mr. Morrison's business practice is to sell customer promissory notes to Panhandle Educators Federal Credit Union ("Panhandle"), who then serves as loan servicer. Mr. Morrison guarantees performance of these loans by opening a Panhandle account in the borrower's name, depositing his own funds into the account, and having the borrower sign a security agreement granting Panhandle a security interest in these Panhandle shares. Mr. Morrison retains recourse rights in the vehicles sold, and Mr. Morrison is named as first lienholder on the vehicle titles.

The debtor's Schedule D and Chapter 13 plan list Panhandle as secured by the vehicle, while Panhandle's now-withdrawn proof of claim stated it was secured by the account deposits. After much confusion over who is secured by what, it became clear that Panhandle had no security interest in the vehicle and should not have been in the Chapter 13 plan. Mr. Morrison eventually paid Panhandle's claim in full.

Mr. Morrison is on the certificate of title as first lienholder. However, Mr. Morrison admitted at the April 30 hearing that he forgot to have the debtor sign a security agreement granting Mr. Morrison a security interest in the purchased vehicle. Mr. Morrison argues that notation on the title is sufficient to establish a security interest in the vehicle. The debtor argues that the security for his promissory note was the account

money, not the vehicle, and with no security interest in the vehicle, Mr. Morrison should remove his name from the title and surrender the title to the debtor.

After the hearing on the debtor's motion, Mr. Morrison moved for stay relief to repossess the vehicle and also moved (in the alternative) for adequate protection. As of the June 11 hearing on this motion, the debtor was current in his plan payments. Mr. Morrison, however, has not been receiving distributions because the debtor thought Panhandle, not Mr. Morrison, was secured by the vehicle. Mr. Morrison received late notice of the bankruptcy case because the debtor did not put him on the mailing matrix. Mr. Morrison thus appeared only after the debtor's plan was confirmed. The outcome of Mr. Morrison's motion depends on the outcome of the debtor's motion, and so the Court will discuss the debtor's motion first.

## Conclusions of Law

"Property interests are created and defined by state law." Butner v. U.S., 440 U.S. 48, 55 (1979). The issue here is whether a creditor's name on a vehicle's title certificate, without a security agreement, creates a security interest in the vehicle. The debtor purchased the car in Florida from a Florida corporation while the debtor was a Florida resident, and the State of Florida issued the certificate of title. No one has suggested any law other than Florida law would apply. The Court will thus look to Florida law.[1]

The Florida courts construing Florida's laws on secured transactions (Fla. Stat. Ann. §§ 679.1011 et seq.) and motor vehicle title certificates (Fla. Stat. Ann. §§ 319.001 et seq.) have concluded that a bare notation of a lien on a title certificate does not create a

---

[1] Section 679.3031 of the Florida Statutes Annotated arguably compels the Court to apply Florida law. That section states, "The local law of the jurisdiction under whose certificate of title the goods are covered governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in goods covered by a certificate of title from the time the goods become covered by the certificate of title until the goods cease to be covered by the certificate of title." Fla. Stat. Ann. § 679.3031(3). See also In re Dunlap, 2006 WL 1313160, at * 2 (Bankr. M.D. Fla. 2006) (In a case where the creditor was noted as a lienholder on the title but did not have a security agreement, the court said, "The Certificate of Title was issued by the State of Florida and, therefore, Florida law is controlling."). That section, however, is titled, "Law governing perfection and priority of security interests in goods covered by a certificate of title." At issue here is whether a security interests *exists*—not whether a security interest was perfected. Thus § 679.3031 arguably does not apply. No one disputes Florida law's applicability so the Court need not decide this issue.

security interest. Florida law requires a written security agreement. The most recent Florida case the Court found on this issue is *In re* Crandall, 346 B.R. 220 (Bankr. M.D. Fla. 2006). Marshaling the relevant statutory and case law authority, the court stated,

> "[A]lthough a lien appears on the title to her vehicle, the parties never executed a written security agreement. Under Florida law, to grant a security interest there must be a writing granting the security interest. Fla. Stat. §§ 679.1091; 679.2031; 319.27(2). Recordation of a lien on an automobile certificate of title does not create a security interest, it is merely evidence and a manner of perfection of a security interest if such a security interest was in fact granted. *In re Dunlap,* 2006 WL 1313160 *2 (Bankr.M.D.Fla.2006); *In re Bennett,* 208 B.R. 582, 583 (Bankr.S.D.Fla.1997); *Coplan Pipe and Supply Co. v. McCann*, 132 So.2d 632, 634 (Fla. 3d DCA 1961).

Id. at 322.

Mr. Morrison does not dispute that the debtor never signed a security agreement. Without a security agreement, Mr. Morrison never obtained a security interest in the vehicle. With no security interest in the vehicle, Mr. Morrison is not entitled to be noted as a lienholder on the title certificate.

The foregoing discussion also resolves Mr. Morrison's motions for stay relief and adequate protection. Mr. Morrison is entitled to neither because he has no interest in the subject property.

## Conclusion

The Court will grant the debtor's motion and order Mr. Morrison to remove his name from the title certificate and surrender the title to the debtor. The Court will deny Mr. Morrison's motions for stay relief and adequate protection. The Court will enter an order in accordance with this Memorandum Opinion.